UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **L.G. Brown,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 11-0277 (BAH) |
| ) | |
| **M. Wilhelm** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**MEMORANDUM OPINION**

The Plaintiff is a District of Columbia resident suing former District of Columbia Mayor Adrian Fenty and two officers of the District of Columbia Protective Services, Officer M. Wilhelm and Commander Louis Cannon, under 42 U.S.C. § 1983. The complaint, brought *pro se*, arises from an alleged physical encounter on November 28, 2010, between the Plaintiff and Wilhelm. The Defendants Fenty and Cannon move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, ECF No. 9. Specifically, they assert that the complaint fails to state a claim against Fenty and Cannon in either their personal or official capacities. The Court agrees and, thus, will grant the motion to dismiss the complaint against those two defendants.[1]

---

[1] The instant motion does not appear to be brought on behalf of M. Wilhelm, who, according to the docket, was served with process on March 9, 2011, *see* ECF Dkt. No. 6. Thus, the resolution of this motion has no bearing on the claim against Wilhelm. Because it is suggested by the motion that the Office of the Attorney General for the District of Columbia is representing Wilhelm's colleague, Commander Cannon, the Court will direct counsel, who does not appear as counsel of record for either Cannon or Wilhelm, to clarify the representational status of Wilhelm.

1

## I.     BACKGROUND

The Plaintiff alleges that on November 28, 2010, Wilhelm approached her at the corner of Seventh and A streets in the southeast quadrant of the District, "assumed that [she] was committing a crime[,] grabbed her arms in an attempt to break them . . ." and threw her to the ground.  Compl. at 1.  The Plaintiff further alleges that Wilhelm did not identify himself "as any type of officer" until she called for help.  *Id*. at 2.  Wilhelm then allegedly "proceeded to say 'Stop resisting' as he attacked the Plaintiff under the guise of 'protecting and serving' the community."  *Id*.  The Plaintiff claims that her "young child was forced to witness this horrific scene."  *Id*.  The Plaintiff further claims that "Commander Cannon and several of his subordinates were immediately made of aware of [the] situation[,]" and that she was "told to fill out MPD officer complaint forms . . . ."  Pl.'s Response to Defs.' Mot. to Dismiss the Compl., ECF No. 12, ¶ 1.

The Plaintiff filed this civil action on January 31, 2011, claiming that defendants violated her rights under the Fourth Amendment to the U.S. Constitution and 18 U.S.C. § 242.[2]  Compl. at 2.  She demands an apology and $10 million for "pain and suffering" and $1 million "in punitive damages."  *Id*. at 3.

## II.    REVIEW STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [her] claims across the line from

---

[2]  The Court lacks jurisdiction over the claim brought under 18 U.S.C. § 242 because that criminal statute does not authorize a private cause of action.  *See Rockefeller v. U.S. Court of Appeals*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claim brought under 18 U.S.C. §§ 242 and 371 because "as criminal statutes, they do not convey a private right of action.") (citations omitted).

conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although detailed factual allegations are not required, the complaint must set forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and may not merely state "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Section 1983 creates a private cause of action against a "person" who violates an individual's constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . or the District of Columbia . . . ." 42 U.S.C. § 1983. Such claims are cognizable against the individual in his or her personal capacity only. *See Iqbal*, 129 S.Ct. at 1948; *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997).

1. <u>The Personal-Capacity Claim</u>

The Plaintiff alleges that "[o]ther individuals," presumably Fenty and Cannon, "are included by way of collusion [because] [h]iring and training of individuals is the responsibility of individuals in authority at this District of Columbia agency, and thus are just as accountable as the individual themselves." Compl. at 3. Liability under § 1983, however, cannot be based on a theory, as pleaded here, of vicarious liability or respondeat superior. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.

Plaintiff has stated no facts establishing the participation of either Fenty or Cannon in the alleged misconduct. Therefore, the complaint against them in their personal capacity will be dismissed. *See Cameron v. Thornburgh*, 983 F.2d 253, 257-58 (D.C. Cir. 1993) (dismissing claims against high-level policymakers "[i]n the absence of any allegations specifying [their] involvement"); *Thomas v. U.S.*, 779 F. Supp. 2d 154, 157-8 (D.D.C. 2011) (dismissing "claim . . . predicated only on [Bureau of Prison Administrator's] issuance of an adverse decision on plaintiff's administrative appeal, [as it ] [did] not establish the requisite personal involvement of [the official] in any decisions about plaintiff's medical care.").

2.   The Official-Capacity Claim

A lawsuit against Fenty and Cannon in their official capacity is effectively against the District of Columbia. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Under § 1983, the District of Columbia may be held " 'liable not under principles of respondeat superior, but only for constitutional torts arising from action pursuant to official municipal policy.' " *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 691 (D.C. Cir. 2009) (quoting *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997)); *see Jones v. Horne*, 634 F.3d 588, 600 (D.C. Cir. 2011) (explaining that "[a]lthough the District of Columbia, as a municipal corporation, is a 'person' for purposes of section 1983 liability, because the person sued must have 'caused' the deprivation of rights, section 1983 liability cannot rest on a respondeat superior theory, whether the person is sued in his official capacity . . . or in his individual capacity.") (citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and

4

practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, --- U.S. ---, 131 S.Ct. 1350, 1359 (2011).

The Defendants argue, correctly, that the Plaintiff has not identified a policy, custom, or practice that Wilhelm was allegedly following at the time of the alleged incident. *See* Defs.' Mem. at 4-5. Furthermore, the Plaintiff has not stated any facts from which a link between Wilhelm's alleged misconduct and a D.C. policy, custom, or practice may be reasonably inferred. She therefore has not stated a claim for municipal liability under § 1983. *See Jones*, 634 F.3d at 601 ("[T]o survive a motion to dismiss pursuant to Rule 12(b)(6)[,] [the Plaintiff] had to allege 'that a District custom or policy caused the claimed violations of his constitutional rights.'" (quoting *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)); *Lewis v. Gov't of District of Columbia*, 643 F. Supp. 2d 119, 122 (D.D.C. 2009) (dismissing claim where the allegations neither stated nor inferred that the "individual wrongdoer" had "acted pursuant to District of Columbia policy or custom.").

## IV.  CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the complaint against Fenty and Cannon is granted. An appropriate Order will accompany this Memorandum Opinion.

/s/ *Beryl A. Howell*
United States District Judge

DATE:  October 19, 2011